NO. 07-02-0283-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 15, 2004



______________________________




ANTHONY MAURICE JACKSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 01-11-07249-CR; HONORABLE JAMES H. KEESHAN, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Anthony Maurice Jackson appeals from his conviction for aggravated
robbery. We dismiss for want of jurisdiction.

 On April 1, 2002, pursuant to a plea bargain, appellant pled guilty to the charge of
aggravated robbery in the 359th District Court of Montgomery County, Texas. Appellant
was admonished, both orally and in writing, by the trial court and he signed a Stipulation
of Evidence, Admonishments, Statements and Waivers as well as pleading guilty on the
record while in open court. The trial court honored the plea bargain and sentenced
appellant to incarceration in the Texas Department of Criminal Justice, Institutional
Division, for 12 years. 

 On May 1, 2002, appellant filed a Motion for New Trial alleging that he had received
ineffective assistance of counsel in entering into the plea agreement and that his trial
counsel had coerced him into entering the agreement, thus rendering it involuntary. A
hearing was held regarding this motion, at which trial counsel and appellant testified. The
testimony of trial counsel and appellant was in direct and substantial conflict. The trial
court denied appellant's motion. Appellant filed a general Notice of Appeal. The trial court
appointed appellate counsel.

 Counsel for appellant has filed a Motion to Withdraw as Counsel and a Brief in
Support thereof. In support of the motion to withdraw, counsel has certified that, in
compliance with Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the
record reflects no reversible error or grounds upon which a non-frivolous appeal can
arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has
discussed why, under the controlling authorities, there is no arguably reversible error in
the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). In addition, counsel has concluded that this court's jurisdiction has
not been invoked by the general notice of appeal. 

 Counsel attached exhibits showing that a copy of the Anders brief and Motion to
Withdraw as Counsel have been forwarded to appellant, and that counsel has
appropriately advised appellant of his right to review the record and file a pro se response. 
Appellant has filed a pro se brief. The State has filed a Motion to Dismiss.

 A threshold question in any case is whether the court has jurisdiction over the
pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). 
Unless a court has jurisdiction over a matter, its actions in the matter are without validity. 
Id. at 657 n.2. 

 The Rules of Appellate Procedure do not establish the jurisdiction of courts of
appeals, but, rather, the Rules provide procedures which must be followed to invoke
jurisdiction over a particular appeal. See White v. State, 61 S.W.3d 424, 427-28
(Tex.Crim.App. 2001). If the jurisdiction of a court of appeals is not properly invoked, the
power of the appellate court to act is absent as if it did not exist, and the appeal will be
dismissed for lack of jurisdiction. Id. at 428-29.

 Appellate jurisdiction is invoked by giving timely and proper notice of appeal. Id.
at 428. The rule of appellate procedure applicable to the matter before us requires that
in order to perfect appeal from a judgment which was rendered on the defendant's plea of
guilty or nolo contendere, and in which the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice
of appeal must either: (a) specify that the appeal is for a jurisdictional defect, (b) specify
that the substance of the appeal was raised by written motion and ruled on before trial, or 
(c) state that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3); (1) 
White, 61 S.W.3d at 428. Dismissal of an issue or the entire matter is appropriate unless
the form of the notice of appeal is proper to perfect appeal as to the issue or matter. Id. 

 An appellant may not appeal the voluntariness of a guilty or nolo contendere plea
made pursuant to a plea bargain where the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, unless the
notice of appeal complies with TRAP 25.2(b). See Cooper v. State, 45 S.W.3d 77
(Tex.Crim.App. 2001). The requirements of TRAP 25.2(b) apply to claims of ineffective
assistance of counsel. Id. at 82. Thus, a notice of appeal from such a plea-bargained
conviction and sentence which does not comply with TRAP 25.2(b) does not invoke our
appellate jurisdiction.

 As appellant's Notice of Appeal does not contain one of the three allegations
necessary to invoke our appellate jurisdiction over an appeal from this conviction, see
White, 61 S.W.3d at 428, our jurisdiction has not been invoked. Accordingly, the appeal
must be dismissed for want of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210
(Tex.Crim.App. 1998). 

 Because we have no jurisdiction over the appeal except to dismiss it, we cannot and
do not consider appellate counsel's Motion to Withdraw as Counsel, or any of appellant's
pro se motions.

 We dismiss the appeal for want of jurisdiction.


 Phil Johnson

 Chief Justice



Do not publish. 
1. Amended December 23, 2002, effective January 1, 2003. Further reference to
Rules of Appellate Procedure will be by "TRAP __."



"34" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="List Paragraph"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO. 07-10-0406-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                              MARCH
29, 2011

                                            ______________________________

 

                                                             ANDREW
YATES,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS, 

 

                                                                                                            Appellee

_______________________________

 

                     FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY;

 

                         NO.
1159467D; HON. GEORGE GALLAGHER, PRESIDING

                                           _______________________________

                                                                              

                                                          On
Motion to Dismiss

                                           _______________________________

 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

Appellant Andrew
Yates, by and through his attorney, has filed a motion to dismiss his appeal,
signed by appellant, because he no longer desires to prosecute it.  Without passing on the merits of the case, we
grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure
42.2(a) and
dismiss the appeal.  Having dismissed the
appeal at appellant=s request, no motion for
rehearing will be entertained, and our mandate will issue forthwith.

 

Do
not publish.                                                            Per
Curiam